**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>               Plaintiff-Appellee,<br><br>v.<br><br>NICHOLAS SEAN CARTER,<br>               Defendant-Appellant. | No.   21-30254<br><br>D.C. No.<br>2:20-cr-00005-SMJ-2<br><br>MEMORANDUM[*] |
| UNITED STATES OF AMERICA,<br>               Plaintiff-Appellee,<br><br>v.<br><br>NICHOLAS SEAN CARTER,<br>               Defendant-Appellant. | No.   21-30257<br><br>D.C. No.<br>2:19-cr-00183-SMJ-1 |
| UNITED STATES OF AMERICA,<br>               Plaintiff-Appellee,<br><br>v.<br><br>NICHOLAS SEAN CARTER,<br>               Defendant-Appellant. | No.   21-30258<br><br>D.C. No.<br>4:19-cr-06063-SMJ-2 |

Appeal from the United States District Court
for the Eastern District of Washington
Salvador Mendoza, Jr., District Judge, Presiding

---

     *     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Submitted August 23, 2023[]
Seattle, Washington

Before:  HAWKINS, GRABER, and McKEOWN, Circuit Judges.

Defendant Nicholas Sean Carter pleaded guilty to one count of possession of a firearm and ammunition as a felon, in violation of 18 U.S.C. § 922(g)(1), and three counts of possession with intent to distribute controlled substances, in violation of 21 U.S.C. § 841(a)(1).  In this consolidated appeal, which involves three separate criminal cases, Defendant timely appeals the district court's denial of his motions to suppress and his motion for a hearing pursuant to Franks v. Delaware, 438 U.S. 154 (1978).  We review de novo the denial of a motion to suppress and the denial of a motion for a Franks hearing, and review for clear error the district court's factual findings. United States v. Norris, 942 F.3d 902, 907 (9th Cir. 2019).  We affirm.

1. June 4, 2019 Traffic Stop (Case No. 4:19-cr-6063-SMJ)

The district court did not err when it denied Defendant's motion to suppress evidence that was discovered during a routine traffic stop.  Defendant argues that, after the vehicle in which he was riding as a passenger was pulled over for a traffic

---

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

infraction, law enforcement officers impermissibly prolonged the stop. We disagree.

After stopping the vehicle, the officers quickly initiated the process of checking the driver's license and rental paperwork. Although officers later deployed a drug-detection dog who alerted to the presence of drugs in the vehicle, that action occurred while the permissible records check was still in process. See Rodriguez v. United States, 575 U.S. 348, 350–51 (2015) ("A seizure justified only by a police-observed traffic violation . . . 'become[s] unlawful if it is prolonged beyond the time reasonably required to complete th[e] mission' of issuing a ticket for the violation." (brackets in original) (citation omitted)).

The officers also ran a check on Defendant, who was merely a passenger. Actions related to determining the identity of a vehicle's passenger typically are considered "not part of the mission of a traffic stop." United States v. Landeros, 913 F.3d 862, 868 (9th Cir. 2019). But here, officers ran the records check on Defendant not because he was a passenger, but because his name appeared on the vehicle's rental paperwork.[1] See United States v. Evans, 786 F.3d 779, 786 (9th Cir. 2015) (noting that acceptable checks include those that are aimed at "ensuring

---

[1] The record reflects that checking the names of individuals listed on a car-rental agreement is standard procedure during a traffic stop.

3

that vehicles on the road are operated safely and responsibly" (citation and internal quotation marks omitted)).

2. October 4, 2019 Police Interaction (Case No. 2:19-cr-00183-SMJ)

The district court did not clearly err when it held that Defendant lacked standing to raise a Fourth Amendment challenge to evidence that he had abandoned before being seized. After an officer approached Defendant and asked him to stop to talk, Defendant fled into a gated driveway. Before submitting to officers' commands to get on the ground, Defendant threw a firearm and pouch of drugs, which were later discovered near him. The act of throwing the items was intentional, and that act objectively signaled an intention to discard the contraband. See United States v. Fisher, 56 F.4th 673, 686 (9th Cir. 2022) ("Abandonment is a factual determination that 'is a question of intent.'" (citation omitted)). Because Defendant voluntarily abandoned the contraband, he "lack[s] standing to complain of its search or seizure." United States v. Nordling, 804 F.2d 1466, 1469 (9th Cir. 1986); see also Fisher, 56 F.4th at 687 ("[P]roperty may be abandoned even when the defendant only abandons the property in response to, or in anticipation of, law enforcement action.").

3. November 7, 2019 Search of the Residence (Case No. 2:20-cr-00005-SMJ)

The district court did not err when it denied Defendant's motion to suppress evidence and denied his request for an evidentiary hearing under Franks.

4

Defendant argues that the search warrant was deficient because it failed to include specific facts supporting the description of the confidential informant as credible. But Defendant failed to show that the omission reflected an intentional or reckless disregard for the truth. See United States v. Perkins, 850 F.3d 1109, 1116 (9th Cir. 2017) ("[T]he defendant must show . . . that the affiant knowingly and intentionally, or with reckless disregard for the truth, made false or misleading statements or omissions in support of the warrant application."). Further, Defendant failed to establish that, if additional information about the informant's credibility had been included, the affidavit would have been insufficient to establish probable cause. See United States v. Chavez-Miranda, 306 F.3d 973, 979 (9th Cir. 2002) ("In determining materiality, the pivotal question is whether an affidavit containing the omitted material would have provided a basis for a finding of probable cause." (alteration accepted) (internal quotation marks omitted)).

Defendant also argues that the search warrant was deficient because it failed to disclose the fact that the residence that was searched did not belong to Defendant. That argument is inaccurate. The declaration in support of the search warrant clearly stated that the residence was being occupied by Defendant temporarily and that it was owned and regularly occupied by someone else.

**AFFIRMED.**